UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Residential Funding Company, LLC,                    Civ. No. 13-3457 (PAM/FLN)

                    Plaintiff,

v.

Embrace Home Loans, Inc., f/k/a
Advanced Financial Services, Inc.,

                    Defendant.                       **MEMORANDUM AND ORDER**

Residential Funding Company, LLC,                    Civ. No. 13-3545 (PAM/FLN)

                    Plaintiff,

v.

Circle Mortgage Corp.,

                    Defendant.

        This matter is before the Court on Motions to Strike or for Judgment on the Pleadings

filed by Plaintiff Residential Funding Company ("RFC") in the above-captioned cases.  Both

Motions seek to strike the same two affirmative defenses; the Motion as to Defendant Circle

Mortgage Corp. also seeks to strike an additional affirmative defense.[1]

        On May 21, 2015, Judge Susan Richard Nelson of this Court dismissed the three

affirmative defenses at issue here in ruling on a motion to strike or for judgment on the

---

[1]  The Motion in <u>Embrace</u> initially sought to strike three affirmative defenses.  But after  Judge Nelson's ruling, discussed below, the parties stipulated that RFC would withdraw its motion as to the affirmative defense of estoppel, leaving only RFC's challenge to the defenses of unclean hands and laches.  (Stipulation (Docket No. 154).)

pleadings filed in the consolidated RFC action.  In re: RFC and ResCap Liquidating Trust Litigation, No. 13cv3451, 2015 WL 2451254 (D. Minn. May 21, 2015) (Nelson, J.).  The parties have agreed to rely on their briefing in the consolidated action in lieu of filing duplicative briefs, and have waived oral argument on the pending Motions.

For the reasons that follow, the Motions are granted.

**BACKGROUND**

The full factual background of the matter is set forth in a previous Order, Residential Funding Co., LLC v. Embrace Home Loans, Inc., 27 F. Supp. 3d 980 (D. Minn. 2014), and in Judge Nelson's opinion referenced above.  In these Motions, RFC challenges Embrace's affirmative defenses of laches and unclean hands (Answer (Docket No. 113 in 13cv3457) 6th Affirmative Defense), and Circle's affirmative defenses of laches, unclean hands, and failure to satisfy conditions precedent.  (Answer (Docket No. 106 in 13-3545) Affirmative Defense ¶¶ 6, 10.)

**DISCUSSION**

**A.     Standard of Review**

RFC moves to strike the affirmative defenses under Rule 12(f), or in the alternative for judgment on the pleadings under Rule 12(c).  The effect of either subsection is the same: the affirmative defense will be dismissed, either with or without prejudice.  And the standard of review under either subsection is indistinguishable:  a motion to strike tests whether the defense is sufficient as a matter of law, Fed. R. Civ. P. 12(f), while a motion for judgment on the pleadings tests whether the movant is entitled to judgment on the defense as a matter

of law.  Fed. R. Civ. P. 12(c).  Thus, either subsection provides an appropriate avenue by which to challenge an affirmative defense.  See In re: RFC, 2015 WL 2451254, at *4 (considering the motion under Rule 12(f)).

In addition and as noted, the issues presented here are the same as those in Judge Nelson's thorough and well-reasoned opinion.  Although the Court has considered the issues independently, in light of Judge Nelson's thorough opinion on the matter, there is no need to "engage in an 'affectation of research and a pretense of authorship and originality." Ray v. Anoka Cnty., 24 F. Supp. 3d 843, 846 (D. Minn. 2014) (quoting N. PCS Servs., LLC v. Sprint Nextel Corp., No. 05cv2744, 2007 WL 951546, at *8 (D. Minn. Mar. 27, 2007) (Kyle, J.)).

## B.    Equitable Defenses

RFC argues that Defendants' equitable defenses—unclean hands and laches—should be dismissed because its claims are legal, not equitable.  In response, Defendants contend that RFC seeks a declaratory judgment and may in the future amend its claims to assert a claim for equitable relief.  But as Judge Nelson found, Defendants' argument regarding RFC's declaratory-judgment claim misconstrues the nature of that claim and Defendants' argument about potential amendments to the pleadings is speculative.  In re: RFC, 2015 WL 2451254, at *10.  Because RFC has not pleaded equitable claims, Defendants' equitable defenses must be stricken.

## C.    Conditions Precedent

"[U]nder New York and Minnesota law, a conditions precedent defense requires the

3

contract in question to clearly and unambiguously provide for this defense." Id. at *9. As Circle acknowledges, because the terms of the parties' agreements are in dispute, Circle can point to no provision in the contracts that includes a condition precedent. Because Circle must plead this defense with particularity, the defense fails. Id. It is dismissed without prejudice, however, to allow Circle to re-plead it should the parties' contracts support the defense.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. RFC's Motion to Strike (Docket No. 117 in 13-3457) Embrace Home Loan's affirmative defenses of laches and unclean hands (Defendant's Sixth Affirmative Defense (Docket No. 113)) is **GRANTED** and those defenses are **STRICKEN/DISMISSED with prejudice**;

2. RFC's Motion to Strike (Docket No. 133 in 13-3545) Circle Mortgage Company's affirmative defenses of laches and unclean hands (Defendant's Sixth Affirmative Defense (Docket No. 106)) is **GRANTED** and those defenses are **STRICKEN/DISMISSED with prejudice**; and

3.   RFC's Motion to Strike (Docket No. 133 in 13-3545) Circle Mortgage Company's affirmative defense of failure to satisfy conditions precedent (Defendant's Tenth Affirmative Defense (Docket No. 106)) is **GRANTED** and that defense is **STRICKEN without prejudice/DISMISSED without prejudice**.

Dated:  June 23, 2015

   s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge